UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL HALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:16 CV 579 |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Michael Hale, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-06-361) where the Disciplinary Hearing Officer ("DHO") found him guilty of attempting to engage in an unauthorized financial transaction in violation of Indiana Department of Correction ("IDOC") policy B-240. (DE # 5 at 1.) As a result, Hale was sanctioned with the loss of 60 days earned credit time. Hale lists one ground in his petition challenging the finding of guilt.

Hale seeks habeas corpus relief on the basis that the DHO had insufficient evidence on which to find him guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Hale was found guilty of violating B-240. This offense is defined as "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

In this case, it is clear that the record contained at least "some evidence" to support the DHO's finding of guilt. The Conduct Report states, "[w]hile searching the Offender J Pay system on 6/24/16 Offender Hale DOC # 884687 was in communication with Elizabeth Guilliam on the Offender J Pay System. Within the J Pay Letter was communicated the intent to receive money through Pay Pal. therefor (sic) attempting to engage in an unauthorized financial transaction." [1] (DE # 5-1 at 1.) On May 3, 2016, Guilliam sent Hale a J Pay message stating, "I'll pick up your paypal after work tomorrow. So I'll have that when you call." (*Id.* at 3.) The following day, Guilliam sent Hale a second message stating, in part,

---

[1] IDOC policy B-220 prohibits offenders from Engaging in Unauthorized Financial Transaction. *See* Adult Disciplinary Process, Appendix I. This offense is defined as "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." *Id.*

"[s]o you sounded a lil upset about whoever was getting or not getting you a paypal card or you were concerned anyway." (*Id.* at 2.) Based on these statements, the DHO found Hale guilty of attempting to engage in an unauthorized financial transaction, in violation of B-240.

The respondent argues that the statements from Guilliam constitute sufficient evidence that Hale was attempting to obtain a Pay Pal card from Guilliam. (DE # 5 at 5.) According to the respondent, "it is clear from the letters [Guilliam] wrote to him that they had previously discussed her obtaining a Pay Pal card for him and that he was concerned about it and expecting it." *Id.* In his traverse, Hale argues that he should not be held responsible for statements made by Guilliam. (DE # 9 at 3.) Hale claims that he spoke to Guilliam after she sent him the May 3, 2016 letter and he instructed her not to obtain a Pay Pal account for him. (*Id.* at 2.) According to Hale, Guilliam's May 4, 2016 response regarding Hale's agitation "about whoever was getting or not getting you a paypal card" is evidence that he told Guilliam not to obtain the card for him. (*Id.* at 2.) Hale concludes by arguing that there "was no evidence, not even a "meager" amount, which shows [Hale] communicating to Ms. Guilliam a desire or request for her to get [him] a Pay Pal card." (*Id.* at 3.)

The Court disagrees with Hale's assessment of the evidence. The DHO had sufficient evidence to find Hale guilty of B-240. Contrary to Hale's assertions, the Guilliam's statements can properly serve as sufficient evidence of his guilt. The "some evidence" test is satisfied even if "no direct evidence" exists. *Hill,* 472 U.S. at 457. Indirect evidence linking the offender to the offense can also satisfy the evidentiary requirement. *See Hamilton v.*

*O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (hearing officer permitted to rely on circumstantial evidence to find offender guilty); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (holding that email from prison instructor recounting prisoner's offensive contact was sufficient evidence of prisoner's guilt).

The court is not persuaded by Hale's insistence that the circumstances surrounding Guilliam's correspondence could be interpreted in a way that indicates he did not ask for the card. It is not the province of this court to re-weigh the evidence considered by the DHO. *See Hill*, 472 U.S. at 455. The fact that evidence may be interpreted in different ways is not grounds to hold that there was insufficient evidence. *See Fisher v. Vannatta*, 109 F. App'x 804, 807 (7th Cir. 2004) (unpublished) (upholding disciplinary finding based in part on DHO's interpretation of a confiscated poem). It was not arbitrary or unreasonable for the DHO to determine that Guilliam's statements evidenced a plan between Guilliam and Hale to obtain a Pay Pal card for Hale's use. Hale is therefore not entitled to habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: April 26, 2017

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4